IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| Aquawood, LLC, | * |
| Plaintiff, | * |
| v. | * Civil Action No. PX 16-3569 |
| JFJ Toys, Inc., *et al.*, | * |
| Defendants. | * |

******

**MEMORANDUM OPINION & ORDER**

Pending in this trademark infringement action is a request to consolidate filed by Plaintiff Aquawood LLC's ("Aquawood"). ECF No. 59. The issues are fully briefed and the Court held a hearing on January 27, 2016. ECF No. 64. For the reasons stated below, Plaintiff's motion is DENIED.

Plaintiff seeks to consolidate this action with *JFJ Toys, Inc. v. Sears Holdings Corp.*, Civil Action No. 8:14-CV-3527 (PX) (D. Md.) (the "Sears Action"). In the Sears Action, Plaintiffs allege, among other claims, that the Sears Defendants sold an air missile toy called the Stomp Rocket ("Banzai Stomp Rocket") that infringed the Sears Plaintiffs' federally registered STOMP and STOMP ROCKET marks. *See* Sears Action, ECF No. 1, 34.

Federal Rule of Civil Procedure 42(a) permits, but does not mandate, consolidation of cases that involve a common question of law or fact. "Consolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496-97 (1933); *Intown Props. Mgmt., Inc. v. Wheaton Van Lines, Inc.*, 271 F.3d 164, 168 (4th Cir. 2001); *CX Reinsurance Co. v. Leader*

*Realty Co.*, No. CV CCB-15-3056, 2016 WL 6696050, at *1 (D. Md. Nov. 15, 2016). If a common question of law or fact exists, then the district court must weigh the competing considerations to determine if consolidation is desirable.

> The critical question for the district court in the final analysis was whether the specific risks of prejudice and possible confusion were overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives. *See* Fed. R. Civ. P. 42(a); *see generally* 9 C. Wright & A. Miller, Federal Practice & Procedure: Civil § 2383 (1971).

*Arnold v. Eastern Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982). If the common issue is not central to the resolution of the cases or if consolidation will lead to delay in the processing of one of the individual cases, then consolidation may be denied. 9A C. Wright & A. Miller, *Federal Practice & Procedure*: Civil § 2383, at 40-43 (3d ed. 2008). The decision lies within the discretion of the district court. *A/S J. Ludwig Mowinckles Rederi v. Tidewater Constr. Co.*, 559 F.2d 928, 933 (4th Cir. 1977).

Here, consolidation will lead to significant delay in the Sears Action. Plaintiff filed its request for consolidation on January 19, 2017. In the Sears Action, discovery closed on May 1, 2016. On February 21, 2017, the Court granted in part and denied in part Sears Plaintiffs' motion for summary judgement. *See* Sears Action, ECF Nos. 101, 102. For the Sears Plaintiffs, the sole remaining issue to be tried is as to damages regarding their claims trademark infringement and false designation of origin under the Lanham Act and trademark infringement and unfair competition under Maryland common law; and as to liability, the sole unresolved claim is counterfeiting under the Lanham Act. ECF No. 101 at 43–44.

By contrast, the present case is in its early stages. Discovery is not set to close until May 1, 2017, and dispositive pretrial motions are not due until May 29, 2017. ECF No. 52. Additionally, following the grant of partial summary judgment in the Sears Action, consolidation would significantly risk confusion of the issues at trial regarding liability and damages in the Sears Action. Accordingly, Plaintiff Aquawood's request to consolidate is DENIED.

The Clerk is directed to transmit copies of the Memorandum Opinion and Order to counsel for the parties.

3/3/2017
Date

/S/
Paula Xinis
United States District Judge